**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
MICHAEL G. SPERO,                   :     Hon. Noel L. Hillman
                                    :
          Petitioner,               :     Civil No. 10-1942 (NLH)
                                    :
     v.                             :
                                    :            OPINION
WARDEN, FCI PEWKIN, et al.,         :
                                    :
          Respondents.              :
                                    :
```

**APPEARANCES:**

    SONIA M. SILVERSTEIN
    5 Split Rock Drive
    Cheery Hill, New Jersey  08003

    CHERYL J. STURM
    387 Ring Road
    Chadds Ford, Pennsylvania  19317
    Attorneys for Petitioner

**HILLMAN**, District Judge:

Through counsel, Michael G. Spero filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey, Cumberland County, on February 4, 2005.  The Petition raises one ground - counsel was constitutionally ineffective in failing to file a suppression motion.  For the reasons expressed below, and because the Petition, as drafted and read in light of electronically available pertinent state court decisions, shows that the claim raised in the Petition is time barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for equitable tolling of the instant Petition (which are not set forth in the Petition and memorandum of law or considered in this Opinion), this Court will grant Petitioner 30 days to file a written statement which sets forth detailed equitable tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely.  This Court will administratively terminate the case, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

### I.   BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on February 4, 2005, after he pled guilty on July 30, 2004, to one count of second-degree sexual assault, contrary to N.J. STAT. ANN. § 2C:14-2(c)(4).  The Law Division imposed a five-year term of imprisonment to run concurrently with Petitioner's 99-month federal sentence imposed in United States v. Spero, Crim. No. 03-0188 (CFD) (D. Ct. filed July 2, 2003).  Petitioner did not file a direct appeal to the Appellate Division.  [Dkt. 1 at 3.]  "Instead, more than two years after sentencing, he filed a PCR petition in the Law Division alleging trial counsel was constitutionally ineffective for failing to file a motion to

suppress evidence obtained as a result of his warrantless arrest for criminal trespass." (Mem. of Law at 6) [Dkt. 1-1 at 6.]  See also State v. Spero, 2009 WL 2045218 *3 (N.J. Super. Ct., App. Div., July 16, 2009).  After hearing oral argument, on January 29, 2008, the Law Division denied relief without an evidentiary hearing.  [Dkt. 1 at 4.]  Petitioner appealed, and on July 16, 2009, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Spero, 2009 WL 2045218  (N.J. Super. Ct., App. Div., July 16, 2009).  On November 4, 2009, the New Jersey Supreme Court denied certification.  See State v. Spero, 200 N.J. 503 (2009) (table).

On April 16, 2010, through counsel, Petitioner filed his § 2254 Petition.  The Petition raises one ground:

> Ground One:  THE NEW JERSEY STATE POLICE ARRESTED ME WITHOUT A WARRANT AND WITHOUT PROBABLE CAUSE.  I WAS ARRESTED FOR CRIMINAL TRESPASS WHICH, IN NEW JERSEY, REQUIRES AN UNPRIVILEGED ENTRY INTO A STRUCTURE.  THE NJSP ARRESTED ME WITHOUT ANY EVIDENCE THAT I ENTERED OR REMAINED IN A STRUCTURE.  AS A RESULT OF THE WARRANTLESS ARREST WITHOUT PROBABLE CAUSE, THE NJSP SEARCHED MY CAR AND OBTAINED EVIDENCE CONSISTING OF WRITING ON A YELLOW PAD WHICH LED THEM TO THE JUVENILE WITH WHOM I HAD HAD SEX.  THE ATTORNEY WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE WARRANTLESS ARREST WITHOUT PROBABLE CAUSE AND THE WARRANTLESS SEARCH AND SEIZURE OF MY CAR.  IF A MOTION TO SUPPRESS HAD BEEN FILED, IT WOULD HAVE BEEN GRANTED AND ALL OF THE EVIDENCE AGAINST ME WOULD HAVE BEEN SUPPRESSED.

[Dkt. 1 at 6.]

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

B.  Statute of Limitations

Prior to examining the Petition substantively or ordering an answer, this Court will determine whether the Petition and relevant state court decisions show that the Petition is time barred.  See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas

4

petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

>   (D) the date on which the factual predicate
>   of the claim or claims presented could have
>   been discovered through the exercise of due
>   diligence . . . .

28 U.S.C. § 2244(d)(1).

In his memorandum of law in support of the Petition, Petitioner argues that the statute of limitations in his case is governed by 28 U.S.C. § 2244(d)(1)(D), insofar as he discovered the factual predicate of his ineffective assistance of counsel claim on April 21, 2009, when the Supreme Court decided Arizona v. Gant, 556 U.S. 332 (2009).  "Section 2244(d)(1)(D provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known."  Schlueter v. Varner, 385 F. 3d 69, 74 (3d Cir. 2004); see also McAleese v. Brennan, 483 F. 3d 206, 214 (3d Cir. 2007) ("'factual predicate' of a petitioner's claim[] constitutes the 'vital facts' underlying th[e] claim[]").

Spero's § 2254 Petition raises one claim - counsel was ineffective in failing to file a motion to suppress the evidence the police obtained in the search of his car during his arrest.  If this Court were to accept Spero's argument and to find that Arizona v. Gant provided the "factual predicate" of Spero's ineffective assistance claim, then this Court would be finding that an event in 2009 (the decision in Gant) was the "factual predicate" of counsel's failure in 2004 to move to suppress evidence.  Spero's argument confuses the "factual predicate of

6

the claim" with case law that might support a suppression motion, if the motion were made today.  Cf. Flanagan v. Johnson, 154 F. 3d 196, 199 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim") (cited with approval in McAleese, 483 F. 3d at 215).  This Court rejects Petitioner's argument that the statute of limitations is governed by § 2244(d)(1)(D).

Although Spero does not raise the argument, this Court further finds that § 2244(d)(1)(C) does not govern his limitations period because the Supreme Court did not newly recognize Spero's ineffective assistance of counsel claim in Arizona v. Gant.[1]

This Court holds that the applicable limitations provision is § 2244(d)(1)(A).  In Gonzalez v. Thaler, ___ S. Ct. ___, 2012 WL 43513 *9 (Jan. 10, 2012), the Supreme Court clarified that

> [e]ach prong - the "conclusion of direct review" and the "expiration of the time for seeking such review" - relates to a distinct category of petitioners.  For petitioners who pursue direct review all the way to th[e Supreme] Court, the judgment becomes final at

---

[1] Arizona v. Gant involved the reasonableness under the Fourth Amendment of a warrantless search of a vehicle incident to an occupant's recent arrest.  See Gant, 556 U.S. at ___, 129 S. Ct. at 1719 ("We . . . conclude that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle'") (quoting Thornton v. United States, 541 U.S. 615, 632 (2004) (SCALIA, J. concurring in judgment)).

> the "conclusion of direct review" - when th[e Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" - when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires.

Gonzalez at *9.

Here, because Spero did not appeal the judgment of conviction to the Appellate Division, his criminal judgment became final at the "expiration of the time for seeking such review" in the Appellate Division. Under New Jersey Court Rules, Spero had 45 days to appeal to the Appellate Division. See N.J. Ct. R. 2:401(a). Since Spero's judgment of conviction was entered on February 4, 2005, the time to appeal to the Appellate Division expired 45 days later on March 22, 2005. See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler at *9. Thus, Spero's 365-day limitations period began the next day on March 23, 2005, and ran for 365 days until it expired on March 23, 2006. Because Spero did not file a state petition for collateral relief until two years after his conviction became final (and one year after the limitations period expired), statutory tolling of the 365-day period pursuant to § 2244(d)(2)[2] was not triggered. See State v. Spero, 2009 WL 2045218 *3 (N.J. Super. Ct., App. Div., July 16,

---

[2] "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

2009) ("More than two years after his sentencing, defendant, who did not file a direct appeal of his sentence, filed a PCR application in the Law Division"). Thus, in the absence of equitable tolling, Spero's § 2254 Petition is time barred because the statute of limitations expired on March 23, 2006, before he filed his § 2254 Petition.

C. Equitable Tolling

Spero argues in his Petition that he is entitled to equitable tolling because (1) he could not file his § 2254 Petition before he exhausted his ineffective assistance of counsel claim, and (2) Arizona v. Gant is an extraordinary circumstance that prevented him from pursuing his ineffective assistance of counsel claim. Specifically, in response to a question on the form petition asking Spero to explain why the one-year statute of limitations contained in § 2244(d) does not bar the petition, Spero wrote:

> The present petition is not barred by the statute of limitations. The petition for certification was denied by the New Jersey Supreme Court on November 4, 2009. I could not file a habeas corpus petition until my state remedies were exhausted. In addition, Arizona v. Gant, which affects my case, was not decided until April 21, 2009. Finally, I have diligently pursued my state remedies and I would be entitled to equitable tolling even if I were not entitled to statutory tolling. Arizona v. Gant is a new Supreme Court case, but it also is a new fact that fortifies my claim that my lawyer was ineffective for not moving to suppress the evidence based on the arrest without probable cause and the search

>     of my car without a warrant and without
>     probable cause.

[Dkt. 1 at 14-15.]

Spero argues first that the limitations period should be equitably tolled because he could not file his § 2254 Petition without exhausting state court remedies and he did not exhaust state court remedies until he filed his post-conviction relief petition two years after his conviction became final.  This argument is contrary to the language of § 2244(d)(1)(A), which expressly provides that the limitations period runs from the "date on which the judgment became final by . . . expiration of the time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).  Moreover, on this theory, the statute of limitations would be meaningless, since habeas petitioners could control the running of the limitations period simply by delaying the filing of a state post-conviction relief petition. Cf. Long v. Wilson, 393 F. 3d 390, 394-95 (3d Cir. 2004) (state post-conviction review petition had no effect on statutory tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Next, Spero argues that Arizona v. Gant "is a new Supreme Court case, but it also is a new fact that fortifies my claim that my lawyer was ineffective for not moving to suppress the evidence based on the arrest without probable cause and the

10

search of my car without a warrant and without probable cause." [Dkt. 1 at 15.]  This Court has already rejected the argument that Spero's limitations period is governed by § 2244(d)(1)(D). To the extent that Spero contends that the 2009 ruling in Arizona v. Gant warrants equitable tolling, this Court rejects the argument.  The statute of limitations under § 2244(d) is subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Pabon v. Mahanoy, 654 F. 3d 385, 399 (3d Cir. 2011); LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). For example, "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling."  Pabon, 654 F. 3d at 400.[3]

---

[3] But "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted); see also Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering
(continued...)

11

To the extent that Spero argues that Arizona v. Gant was an "extraordinary circumstance" that prevented him from pursuing his ineffective assistance claim, the argument fails.  A Supreme Court ruling on the Fourth Amendment which issued five years after Spero pled guilty in 2004 could not have prevented Spero from pursuing his ineffective assistance of counsel claim.

Because nothing in Spero's Petition or legal memorandum insinuates that he was prevented from asserting his claims by extraordinary circumstances, equitable tolling of the statute of limitations is not warranted.  And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, this Court will dismiss the Petition as time barred.[4]  See Day, 547 U.S. at 210.

This Court, however, cannot necessarily rule out the possibility that Petitioner might have valid grounds for

---

[3](...continued)
evidentiary hearing as to whether petitioner who was "effectively abandoned" by lawyer merited tolling).

[4] The interests of justice would not be better served by addressing the merits of Spero's claim because the claim is barred by Spero's guilty plea, which he has not challenged.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea").  One of the risks of pleading guilty is that the law may become more favorable to the defendant after he enters the plea.

equitable tolling.  See Day, 547 U.S. at 210 (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position).  This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments which have not been considered in this Opinion.  This Court will administratively terminate the case, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.  See Wanger v. Hayman, Docket No. 09-6307 (SRC) order dismissing pet. (D.N.J. Jan. 3, 2011), COA denied, C.A. No. 11-1375 (3d Cir. May 26, 2011); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).

D.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

13

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Pabon</u>, 654 F. 3d at 393 ("While a state prisoner must show something more than the absence of frivolity or the existence of mere good faith on his or her part, he or she is not required to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus") (citations and internal quotation marks omitted). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

                                             <u>s/ Noel L. Hillman</u>
                                             **NOEL L. HILLMAN**
                                             District Judge

DATED: <u>March 6</u>, 2012

At Camden, New Jersey